**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRADLE IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1254-SLR |
| | ) | |
| TEXAS INSTRUMENTS, INC., | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Texas Instruments Incorporated ("TI") hereby answers the Complaint of Plaintiff Cradle IP, LLC as follows:

## NATURE OF ACTION

1.    TI admits that the Complaint purports to seek compensatory damages for the infringement of United States Patents Nos. 6,874,049 (the "'049 Patent"), 6,708,259 (the "'259 Patent"), and 6,647,450 (the "'450 Patent").

## JURISDICTION AND VENUE

2.    Paragraph 2 states a legal conclusion to which no response is required.

3.    Paragraph 3 states a legal conclusion to which no response is required.

4.    TI admits that this Court has personal jurisdiction over TI as a Delaware corporation and denies the remaining allegations contained in Paragraph 4.

5.    TI admits that venue is proper under 28 U.S.C. § 1391 but denies that it is proper under 28 U.S.C. § 1400.

## PARTIES

6.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies these allegations.

7.     TI admits the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies these allegations.

9.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies these allegations.

10.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies these allegations.

11.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies these allegations.

12.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies these allegations.

## TEXAS INSTRUMENTS' INFRINGING PRODUCTS

## THE '049 PATENT

13.     TI admits that it does or has made, manufactured, used, sold, or offered to sell products     TMS320TCI6487,     TMS320TCI6488,     TMS320TCI6489,     TMS320C6670, TMS320C6671,     TMS320C6672,     TMS320C6674,     TMS320C6678,     TMS320TCI6602, TMS320TCI6604, TMS320TCI6608, TMS320TCI6612, TMS320TCI6614, TMS320TCI6616, TMS320TCI6618, and TMS320C6474, but denies that all these products are Multicore Digital Signal Processors.  TI denies the remainder of the allegations contained in Paragraph 13 of the Complaint.

14.     TI states that the cited article speaks for itself, and refers to the article for the true and complete contents thereof.

15.     TI admits that it has knowledge that other companies incorporate TI processors into downstream products, but denies this allegation to the extent that it suggests that TI directly incorporates or causes the incorporation of these processors into the identified products.  TI states that the cited document speaks for itself, and refers to the document for the true and complete contents thereof.

## THE '259 PATENT

16.     TI admits that it does or has made, manufactured, used, sold, or offered to sell microprocessor and OMAP products AM389xSitara ARM Microprocessors, OMPA34xx devices, OMPA35xx devices, OMAP36xx devices, and OMAP4xxx devices, if "xx" or "xxx" means a combination of numbers and letters unspecified, and admits that these devices include

3

clock-gating strategies (insofar as that phrase is given its common meaning and not necessarily the meaning that may be ascribed to it as a result of any claim construction). TI denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

17. TI admits that its Microprocessors and OMAP devices offer an autoidle feature allowing clocks to be disabled and restarted in response to new activity, and admits that it recommends the use of the autoidle feature to reduce power consumption (insofar as those phrases are given their common meanings and not necessarily the meanings that may be ascribed to them as a result of any claim construction). TI denies the remainder of the allegations contained in Paragraph 17 of the Complaint.

18. TI admits that it has knowledge that other companies incorporate TI devices into downstream products, but denies this allegation to the extent that it suggests that TI directly incorporates or causes the incorporation of these devices into the identified products. TI further states that the cited document speaks for itself, and refers to the document for the true and complete contents thereof.

## THE '450 PATENT

19. TI admits that it does or has made, manufactured, used, sold, or offered to sell microprocessor and OMAP devices utilizing split transaction buses with target device command buffers (insofar as that phrase is given its common meaning and not necessarily the meaning that may be ascribed to it as a result of any claim construction), including devices AM389xSitara ARM Microprocessors, OMPA34xx devices, OMPA35xx devices, OMAP36xx devices, and

OMAP4xxx devices if "xx" or "xxx" means a combination of numbers and letters unspecified. TI denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20.    TI admits the allegations of Paragraph 20 of the Complaint.

21.    TI admits that it has knowledge that other companies incorporate TI devices into downstream products, but denies this allegation to the extent that it suggests that TI directly incorporates or causes the incorporation of these devices into the identified products.  TI further states that the cited document speaks for itself, and refers to the document for the true and complete contents thereof.

## TI'S KNOWLEDGE OF THE PATENTS IN SUIT

22.    TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies these allegations.

23.    TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies these allegations.

24.    TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies these allegations.

## FIRST CLAIM FOR RELIEF

25.    TI restates its responses as set forth above as if separately set forth herein.

26.     TI admits that the Complaint appears to attach a copy of the '049 Patent as Exhibit A, that it appears to be entitled "Semaphore with Interrupt Mechanism," that it appears to have issued on March 29, 2005, and that it appears to name David C. Wyland as inventor.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 26 of the Complaint, and therefore denies these allegations.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied that TI has infringed the '049 Patent, willfully and deliberately or otherwise.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 30 of the Complaint, and therefore denies these allegations.

## SECOND CLAIM FOR RELIEF

31.     TI restates its responses as set forth above as if separately set forth herein.

32.     TI admits that the Complaint appears to attach a copy of the '259 Patent as Exhibit B, that it appears to be entitled "Programmable Wake Up of Memory Transfer Controller in a Memory Transfer Engine," that it appears to have issued on March 16, 2004, and that it appears to name David C. Wyland as inventor.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 32 of the Complaint, and therefore denies these allegations.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied that TI has infringed the '259 Patent, willfully and deliberately or otherwise.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 37 of the Complaint, and therefore denies these allegations.

## THIRD CLAIM FOR RELIEF

38.     TI restates its responses as set forth above as if separately set forth herein.

39.     TI admits that the Complaint appears to attach a copy of the '450 Patent as Exhibit C, that it appears to be entitled "Multiprocessor Computer Systems with Command FIFO Buffer at each Target Device," that it appears to have issued on November 11, 2003, and that it appears to name Cecil H. Kaplinsky as inventor.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 39 of the Complaint, and therefore denies these allegations.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied that TI has infringed the '450 Patent, willfully and deliberately or otherwise.  TI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 44 of the Complaint, and therefore denies these allegations.

## DEMAND FOR JURY TRIAL

Cradle IP's demand for a jury trial is not an allegation requiring TI to admit or deny.

## PRAYER FOR RELIEF

TI denies that Cradle IP is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

TI's affirmative defenses are provided below.  TI reserves the right to amend its Answer to add additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

45.     TI has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of the '049, '249, or '450 Patents either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

46.     The '049, '249, and '450 Patents are invalid or void for failing to satisfy the conditions of patentability as set forth in 35 U.S.C §§ 100, 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

47.     To the extent that Cradle IP, or any predecessor in interest to the '049, '249, or '450 Patents, failed to properly mark any of their relevant products as required by 35 U.S.C. §

287 or otherwise give proper notice that TI's actions actually infringed the '049, '249, or '450 Patents, TI is not liable to Cradle IP for the acts alleged to have been performed before TI received actual notice that it was infringing the '049, '249, or '450 Patents.

## FOURTH AFFIRMATIVE DEFENSE

48.    To the extent that Cradle IP asserts that TI indirectly infringes, either by contributory infringement or inducement, TI is not liable to Cradle IP for the acts alleged to have been performed before TI knew that its actions would cause the indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

49.    Cradle IP is not entitled to any injunctive relief because any injury to Cradle IP is neither immediate nor irreparable, and Cradle IP has adequate remedies at law.

## SIXTH AFFIRMATIVE DEFENSE

50.    Complaint does not state a claim for willful patent infringement.

## COUNTERCLAIMS

TI asserts the following declaratory relief counterclaims against Cradle IP:

## The Parties

51.    Defendant and Counterclaimant Texas Instruments Incorporated ("TI") is a Delaware corporation having a principal place of business in Dallas, Texas.

52.    Upon information and belief, Plaintiff and Counterclaim-Defendant Cradle IP is a Delaware limited liability company having a principal place of business at 82 Pioneer Way, Suite 103, Mountain View, California 94041.

## Jurisdiction and Venue

53.     This Court has jurisdiction over TI's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201–02 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing justiciable controversy exists between TI and Cradle IP owing to Cradle IP's having instituted the above-captioned action against TI alleging infringement of the '049, '249, and '450 Patents, with respect to which TI requests a declaration of its rights by this Court.

54.     TI has not directly or indirectly infringed, contributed to, or induced the infringement of any valid and enforceable claim of the '049, '249, or '450 Patents, and has not otherwise committed any act in violation of 35 U.S.C. § 271.

55.     The Court has personal jurisdiction over Cradle IP because Cradle IP has submitted to the personal jurisdiction of the Court by instituting the above-captioned action here.

56.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Cradle IP has submitted to the venue of the Court by instituting the above-captioned action here.

## First Counterclaim
## Declaratory Judgment of Non-Infringement of the '049, '249, and '450 Patents

57.     TI restates its allegations as set forth above as if separately set forth herein.

58.     TI has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any valid and enforceable claim of the '049, '249, or '450 Patents, either literally or under the doctrine of equivalents.

59.    An actual case or controversy exists between TI and Cradle IP owing to Cradle IP's having initiated the above-captioned action against TI alleging infringement of the '049, '249, and '450 Patents.

60.    TI has been injured and damaged by Cradle IP's having initiated the above-captioned action and asserting patents that TI does not infringe.

61.    TI therefore seeks a declaration that it has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any valid and enforceable claim of the '049, '249, or '450 Patents, either literally or under the doctrine of equivalents.

### Second Counterclaim
### Declaratory Judgment of Invalidity of the '049, '249, and '450 Patents

62.    TI restates its allegations as set forth above as if separately set forth herein.

63.    The '049, '249, and '450 Patents are invalid or void for failing to satisfy the conditions of patentability as set forth in 35 U.S.C §§ 100, 101, 102, 103, and 112.

64.    An actual case or controversy exists between TI and Cradle IP owing to Cradle IP's having initiated the above-captioned action against TI alleging infringement of the '049, '249, and '450 Patents.

65.    TI has been injured and damaged by Cradle IP's having initiated the above-captioned action and asserting an invalid patent.

66.    TI therefore seeks a declaration that the '049, '249, and '450 Patents are invalid or void for failing to satisfy the conditions of patentability as set forth in 35 U.S.C §§ 100, 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, TI prays that:

A.  The Court dismiss the Complaint against TI with prejudice;

B.  The Court declare that TI has not and does not infringe any valid claim of the '049, '249, or '450 Patents;

C.  The Court declare that the '049, '249, and '450 Patents are invalid;

D.  The Court declare that Cradle IP is not entitled to any remedy or relief whatsoever against TI;

E.  The Court award TI its costs, together with reasonable attorneys' fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. § 285; and

F.  The Court award TI such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

TI requests a trial by jury on all issues so triable.

/s/  Jason J. Rawnsley
Jeffrey L. Moyer (#3309)
Kelly E. Farnan (#4395)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
farnan@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant
Texas Instruments Inc.*

Dated: February 6, 2012