IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRADLE IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1254-SLR |
| | ) | |
| TEXAS INSTRUMENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this _____ day of March, 2012, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **March 29, 2012** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2. **Discovery.**

   (a) [Plaintiff's Position] Plaintiff opposes bifurication of willfulness and damages. As to willfulness, Plaintiff has identified details of defendant's willfulness in its Complaint, and further discovery will supplement the identified acts. As for damages, Plaintiff has identified accused products in its Complaint and that damages information is necessary to properly value the case, which will aid in settlement negotiations.

   [Defendant's Position] The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

   (b) Discovery will be needed on the following subjects: patent infringement/non-infringement; patent validity/invalidity; claim construction; licensing; and counterclaims and affirmative defenses asserted by the parties.

   (c) All fact discovery shall be commenced in time to be completed by **January 25, 2013**.

      (1) Maximum of 25 interrogatories by each party to any other party.

(2) Discovery shall be governed by the *Default Standard for Discovery*, which is incorporated herein by reference. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive. The deadlines for the initial discovery obligations set forth in the *Default Standard* shall be as follows: **April 5, 2012** for the identification of products and the production described in Paragraph 4.a.; **May 22, 2012** for the production described in Paragraph 4.b.; **July 6, 2012** for the initial claim chart described in Paragraph 4.c.; and **August 3, 2012** for the initial invalidity contentions and the production described in Paragraph 4.d.

(3) Maximum of 50 requests for admission by each party to any other party, excluding requests for admission related to the authentication of documents.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **October 15, 2012**. On or before **August 17, 2012**, each party may request e-discovery of additional custodians or for additional years, for good cause shown. No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

(5) Maximum of 100 hours for fact depositions by each side, not including third-party depositions. Each fact deposition is limited to a maximum of 7 hours for each fact witness, and 14 hours for each inventor, unless extended by agreement of parties.

(d) Expert discovery shall be commenced in time to be completed by **June 14, 2013**.

(1) Expert reports on issues for which the parties have the burden of proof are due **February 28, 2013**. Rebuttal expert reports are due **April 11, 2013**. Supplement reports (for, e.g., on secondary considerations of obviousness) due **May 2, 2013**.

(2) Expert depositions to be limited to a maximum of 14 hours per expert unless extended by agreement of the parties.

(3) All *Daubert* motions shall be filed on or before **July 12, 2013**.

(e) Supplementations under Rule 26(e) due **May 10, 2013**.

(f) **Discovery Disputes.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **November 1, 2012**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by **February 1, 2013**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that

differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on **May 6, 2013**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **May 27, 2013**. Defendant shall serve and file its answering claim construction brief on or before **June 17, 2013**. Plaintiff shall serve and file its reply brief on or before **July 1, 2013**. Defendant shall serve and file its surreply brief on or before **July 15, 2013**.

7. **Summary Judgment Motions**

    (a) All summary judgment motions shall be served and filed on or before **July 3, 2013**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

    (b) Opening briefs on infringement and invalidity shall be served and filed on or before **August 2, 2013**.

    (c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **August 30, 2013**.

    (d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

    (e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

    (f) The hearing on the claim construction and motion(s) for summary judgment will be heard on **September \_\_\_\_, 2013** at \_\_:\_\_\_ \_.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed

forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **December** ____, **2013** at __:__ _.m. in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a five-day jury trial commencing on **January** ____, **2014** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge