IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRADLE IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1254 (SLR) |
| | ) | |
| TEXAS INSTRUMENT, INC., | ) | REDACTED -- PUBLIC VERSION |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF NON-PARTY NOKIA SIEMENS NETWORKS US LLC
IN SUPPORT OF ITS MOTION TO QUASH THE
SUBPOENA SERVED BY CRADLE IP, LLC ON JANUARY 30, 2013**

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Karen Jacobs Louden (#2881)
> Regina S. E. Murphy (#5648)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> klouden@mnat.com
> rmurphy@mnat.com
>
> *Attorneys for Non-Party Nokia Siemens Networks
> US LLC*

OF COUNSEL:

Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

Laura S. Huffman
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA  30309
(404) 572-4600

Original Filing Date:  February 8, 2013
Redacted Filing Date:  February 15, 2013

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ...........................................................................1

RELEVANT BACKGROUND ..............................................................................................3

ARGUMENT....................................................................................................................4

      I.     THE SUBPOENA IS DEFECTIVE AND MUST BE QUASHED
           BECAUSE NEITHER NSN US DOCUMENTS NOR
           WITNESSES ARE LOCATED IN DELAWARE. ...............................................4

CONCLUSION..................................................................................................................5

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Hallamore Corp. v. Capco Steel Corp.*,
    259 F.R.D. 76 (D. Del. 2009) (Robinson, J.)...........................................................................4

*West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*,
    2010 WL 181088 (D. Del. Jan. 19, 2010) (Robinson, J.)....................................................4, 5

**RULES AND STATUTES**

Fed. R. Civ. P. 45.................................................................................................................4, 5

**INTRODUCTION**

Non-party Nokia Siemens Networks US LLC ("NSN US") hereby moves this Court to quash the subpoena served by Cradle IP, LLC ("Cradle IP") on January 30, 2013.  The subpoena was issued from this District although no responsive documents and no witnesses are located here. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████  For these reasons, and others as described herein, NSN US requests that the subpoena be quashed.

**NATURE AND STAGE OF PROCEEDINGS**

On December 18, 2012, plaintiff Cradle IP served non-party NSN US with a subpoena issued from the United States District Court for the District of Delaware (the "First Subpoena").)[1]  The production of documents was noticed for less than a week later, December 24, 2012, and the deposition for January 8, 2013, both in New York, New York.  On December 24, 2012, NSN US timely objected to the First Subpoena, including among others an objection that the First Subpoena failed on its face to allow reasonable time for compliance, especially during a generally acknowledged holiday period.  Cradle IP's counsel requested a meet-and-confer regarding NSN US's objections to the First Subpoena, which the parties' counsel conducted on December 31, 2012.

Notably, the initial deadline for the completion of fact discovery in the case was January 25, 2013.  (D.I. 23).  On January 15, 2013, Plaintiff Cradle IP and Defendant Texas Instruments, Inc. submitted a Stipulation and Proposed Order Amending Scheduling Order seeking to modify certain deadlines, including extending the fact discovery deadline until February 15, 2013 (D.I. 123), which the Court approved.  After securing this extension, Cradle IP served two

---

[1]     The First Subpoena is attached hereto as Exhibit 1.

additional subpoenas on NSN US on January 28, 2012, ostensibly to cure any of the technical objections NSN US provided in its timely objections.[2]  Cradle IP took advantage of its "curing" of technical defects to attempt to expand the scope of the discovery requests by adding a Document Request and Topic for testimony seeking the identity of NSN US's customers.  One of these subpoenas, issued from the United States District Court of the Southern District of New York, noticed the production of documents on February 1, 2013 in New York, New York.[3]  The other subpoena, which issued from the District of Delaware, noticed a deposition on February 8, 2013 in Wilmington, Delaware.

Apparently realizing that these subpoenas were also flawed, Cradle IP one day later issued a single corrected version of the "cured" subpoena, issued from this District for production of documents and testimony on February 8, 2013 in Wilmington, Delaware (the "Subpoena").[4]  NSN US understands that the Subpoena dated January 29, 2013 (and served on January 30, 2013) is the operative one and that the two subpoenas dated January 28, 2013 along with the First Subpoena have been superseded.  In performing the reasonable search required in fulfilling its discovery obligations, NSN US determined that information responsive to the subpoena was not in its possession, custody, or control, ███████████████████████

███████████████████████████

---

[2]     Cradle IP's counsel's e-mail stating the purpose of reissuing the subpoenas on January 28, 2013 was to cure technical defects is attached hereto as Exhibit 2.

[3]     Although this subpoena was issued from the United States District Court of the Southern District of New York, Cradle IP served it on NSN US's registered agent for service of process in Delaware.

[4]     A copy of the Subpoena is attached as Exhibit 3.  Document Request 3 and Topic 4 requesting information on NSN US's customers for the products that use the Texas Instruments microprocessors at issue in the underlying case were added to the Subpoena.

## SUMMARY OF ARGUMENT

NSN US moves to quash the Subpoena on the grounds that:

- It was improperly issued from this District because no responsive documents and no witnesses for NSN US are located here;

- The subpoena requires NSN US to recover documents and information more readily accessible ███████████████████████████████████████████████ and

The Requests and Topics are onerous on third party NSN US.

The Court should grant NSN US's motion to quash.

## STATEMENT OF FACTS

On January 30, 2013, a copy of the Subpoena was delivered to National Registered Agents Incorporated ("NRAI"), NSN US's registered agent for service of process in Delaware. NSN US has its principal place of business in Irving, Texas. (See accompanying Declaration of Vanessa P. Bailey, dated February 8, 2013 ("Bailey Decl." ¶2)). To the extent NSN US has any documents responsive to the Subpoena, they are not maintained in Delaware. (*Id.* ¶3.) NRAI, NSN US's agent for service of process in Delaware, does not have control over documents or business records of NSN US. ( *Id.* . ¶3.) ████████████████████████

████████████████████  ██████████████████████████

████████████████████████████████████████████████

██████████████████████████████  The deposition and production

of documents is noticed for February 8, 2013.  NSN US timely files this motion to quash the Subpoena in its entirety.

## ARGUMENT

**I.    THE SUBPOENA IS DEFECTIVE AND MUST BE QUASHED BECAUSE NEITHER NSN US DOCUMENTS NOR WITNESSES ARE LOCATED IN DELAWARE.**

Because NSN US does not maintain responsive documents in the State of Delaware and because no potential NSN US witnesses reside in or work within 100 miles of Delaware, the Subpoena is defective. A subpoena that calls for documents or the testimony of witnesses not located within the district in which the Subpoena is issued is properly quashed. *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79-80 (D. Del. 2009) (Robinson, J.).

This Court has previously considered this issue. "Rule 45(c)(1) mandates that a party responsible for issuing the subpoena 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena;' the issuing court 'must enforce this duty' pursuant to Rule 45(a)(3)(A)(iv). Finally, the scope of a court's subpoena enforcement powers is limited by Rule 45(c) (3)(A)(ii), which provides that a subpoena requiring 'a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person' must be quashed or modified." *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 181088 at \*1 (D. Del. Jan. 19, 2010) (Robinson, J.)

In *West Coast Life*, this Court quashed a subpoena for documents and testimony in circumstances almost identical to the ones here. Plaintiff West Coast Life served a subpoena on the registered agent for service of process in Delaware of non-party Deutsche Bank Securities Inc. ("DBSI"). *Id.* DBSI demonstrated that no employee of DBSI was located within 100 miles of Wilmington, Delaware. (*Id.* at \*2). DBSI further asserted that no documents responsive to the subpoena were located in Delaware, nor did DBSI's agent for service of process in Delaware have control over DBSI's documents or business records. (*Id.* at \*3.)

- 4 -

The Subpoena served on NSN US here is defective for the same reasons this Court found the subpoena served on DBSI to be defective in *West Coast Life*. NSN US's principal place of business is in Irving, Texas, not in Delaware. (Bailey Decl. ¶2.) Further, NSN US does not have responsive information in this District. (Bailey Decl. ¶3, 4.) NRAI, NSN US's registered agent for service of process in Delaware, does not have control over documents or business records of NSN US. (Bailey Decl. ¶3.) The subpoena for documents should not have been issued from this District for the same reasons this Court so found in *West Coast Life*. Further, the subpoena for testimony must be quashed because Rule 45(c)(3)(A)(ii) provides that the issuing court must quash or modify a subpoena that requires a non-party to travel more than 100 miles from where that person resides. No potential witness who may have knowledge of the topics identified in the Subpoena works or resides in Delaware. (Bailey Decl. ¶4.) ███████████████

███████████████████████████████████████████████████

███████████████████████████████

In fact, to the extent that information responsive to the Subpoena exists, ███████████

███████████████████████████████████████████████████

███████████████████████ For that reason, the Subpoena served by Cradle IP is even more defective than the one served by West Coast Life.

## CONCLUSION

For the foregoing reasons, NSN US respectfully requests an Order pursuant to Rule 45(c)(3)(A)(ii) and (iv) quashing Cradle IP's non-party subpoena in its entirety. A form of Order is attached to the motion filed contemporaneously herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____
Karen Jacobs Louden (#2881)
Regina S. E. Murphy (#5648)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rmurphy@mnat.com

OF COUNSEL:

*Attorneys for Non-Party Nokia Siemens Networks
US LLC*

Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

Laura S. Huffman
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA  30309
(404) 572-4600

February 8, 2013
6993733.2

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 15, 2013, upon the following in the manner indicated:

Paul E. Crawford, Esquire                                        *VIA ELECTRONIC MAIL*
Chad S.C. Stover, Esquire
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
1007 North Orange Street
The Nemours Building
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Cradle IP LLC*

Charles W. Saber, Esquire                                        *VIA ELECTRONIC MAIL*
Frank C. Cimino, Jr., Esquire
Jeffrey K. Sherwood, Esquire
Jonathan L. Falkler, Esquire
Marc C. Hageman, Esquire
DICKSTEIN SHAPIRO LLC
1825 Eye Street NW
Washington, DC  20006-5403
*Attorneys for Cradle IP LLC*

Robert G. Gingher, Esquire                                        *VIA ELECTRONIC MAIL*
Steven T. Skelley, Esquire
DICKSTEIN SHAPIRO LLC
1633 Broadway
New York, NY 10019-6708
*Attorneys for Cradle IP LLC*

Jeffrey L. Moyer, Esquire
Kelly E. Farnan, Esquire
Jason J. Rawnsley, Esquire
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Texas Instruments, Inc.*

*VIA ELECTRONIC MAIL*

Jillian Willis, Esquire
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
*Attorneys for Texas Instruments, Inc.*

*VIA ELECTRONIC MAIL*

Eric A. Caligiuri, Esquire
COVINGTON & BURLING LLP
9191 Towne Center Drive, Suite, 6th Floor
San Diego, CA  92122-1225
*Attorneys for Texas Instruments, Inc.*

*VIA ELECTRONIC MAIL*

Anupam Sharma, Esquire
Charlin Lu, Esquire
Hyun S. Byun, Esquire
Robert T. Haslam, Esquire
Thomas Garten, Esquire
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065
*Attorneys for Texas Instruments, Inc.*

*VIA ELECTRONIC MAIL*

/s/ *Regina S. E. Murphy*

_____
Regina S. E. Murphy (#5648)

2