# Exhibit 1



**NATIONAL REGISTERED AGENTS, INC.**

The Right Choice for Registered Agent Services

# Cover Page for DE44907

This file contains **4** pages of graphic image of Legal Process received in the State of **DELAWARE** on **12/18/2012** for **NOKIA SIEMENS NETWORKS US LLC**.

The document(s) will be forwarded to the individual designated to receive Service of Process from NRAI. As this document(s) has been separated to enable scanning of the image, the Official Record on file with the Court of Jurisdiction should be relied on as the complete record. NRAI accepts no responsibility or liability for missing or incorrectly collated pages in the reassembly of the served document(s).

## Issued by the
# UNITED STATES DISTRICT COURT
District of Delaware

| | |
|---|---|
| Cradle IP, LLC, <br> V. <br> Texas Instruments, Inc. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] C.A. No. 11-1254-SLR <br> Pending in the United States District Court for the District of Delaware |

TO: Nokia Siemens Networks US LLC
c/o National Registered Agents, Inc.
160 Greentree Dr. Suite 101
Dover, Delaware 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   See Attachment A

| PLACE OF DEPOSITION   Dickstein Shapiro LLP, 1633 Broadway, New York, New York, 10019-6708 | DATE AND TIME <br> 1/8/2013 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment B

| PLACE   Dickstein Shapiro LLP, 1633 Broadway, New York, New York, 10019-6708 | DATE AND TIME <br> 12/24/2012 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> [signature]   Attorney for Plaintiff Cradle IP, LLC | DATE <br> 12/14/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert G. Gingher
Dickstein Shapiro LLP, 1633 Broadway, New York, New York, 10019-6708     Phone (212) 277-6500

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, you are hereby subpoenaed to testify, on or before the date designated in the subpoena, to the following matters for examination:

1. The collection and substance of any document produced in response to this subpoena.

2. The development and operation of Nokia applications software and interface with any operating systems or base software supporting Nokia developed applications used on Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips, including but not limited to basic input output systems, operating system software, functional libraries, or hardware abstraction layers.

3. The programing or use of hardware semaphores in TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips incorporated in Nokia's base transceiver stations or gateways manufactured, sold, or used in the United States, including but not limited to any application program or operating system employed by such base transceiver stations.

## ATTACHMENT B

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, you are hereby subpoenaed to produce, on or before the date designated in the subpoena, the documents described herein:

1. Documents or things sufficient to identify any operating systems or base software supporting Nokia developed applications used on Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips, including but not limited to basic input output systems, operating system software, functional libraries, or hardware abstraction layers.

2. All documents and things that refer to or relate to the programing or use of hardware semaphores in TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips incorporated in Nokia's base transceiver stations or gateways manufactured, sold, or used in the United States, including but not limited to any application program or operating system employed by such base transceiver stations.

3. All documents and things that refer to or relate to Cradle Technologies Inc.

4. All documents and things that refer to or relate to Cradle IP, LLC.

# Exhibit 2

## Huffman, Laura

| | |
|---|---|
| **From:** | Gingher, Robert [GingherR@dicksteinshapiro.com] |
| **Sent:** | Monday, January 28, 2013 3:10 PM |
| **To:** | Huffman, Laura |
| **Cc:** | Paul Crawford; ZZ-Cradle.TI; cstover@cblh.com |
| **Subject:** | RE: Cradle IP, LLC v. Texas Instruments Inc., 11-cv-1254-SLR |
| **Attachments:** | Nokia Documents Executed.pdf; Nokia Testimony Executed.pdf |

Laura,

I've left you a voice message.  Pursuant to that message, attached are courtesy copies of the subpoenas that will be served on your client in due course, to cure any of your technical objections to the subpoena that we issued in December, 2012.

As I stated in my message, I expect to hear from you no later than this Friday with requested dates when documents and a witness will be made available, as well as an identification of the base transceiver stations that your client has incorporated the accused TI chips therein.  Your cooperation and prompt attention is greatly appreciated.  Lack thereof will leave Cradle with few options other than moving to compel.

Best regards,

Rob
**Robert Gingher**
Dickstein Shapiro LLP
1633 Broadway | New York, NY 10019
Tel (212) 277-6537 | Fax (212) 277-6501
gingherr@dicksteinshapiro.com

**Confidentiality Statement**
This email message, including any attachments, is intended solely for the use of the addressee(s) named above.  This communication may contain privileged and/or confidential material.  If you are not the intended recipient, you have received this communication in error, and any review, use, printing, copying, or other dissemination of this email message is strictly prohibited.  If you are not the intended recipient, please notify the sender immediately by reply email message or notify our email administrator at postmaster@dicksteinshapiro.com and permanently delete and destroy the original message and any and all copies, including printouts and electronic copies on any computer system.

Dickstein Shapiro LLP
www.DicksteinShapiro.com

# Exhibit 3



**NATIONAL REGISTERED AGENTS, INC.**

The Right Choice for Registered Agent Services

# Cover Page for DE45543

This file contains **9** pages of graphic image of Legal Process received in the State of **DELAWARE** on **1/30/2013** for **NOKIA SIEMENS NETWORKS US LLC**.

The document(s) will be forwarded to the individual designated to receive Service of Process from NRAI. As this document(s) has been separated to enable scanning of the image, the Official Record on file with the Court of Jurisdiction should be relied on as the complete record. NRAI accepts no responsibility or liability for missing or incorrectly collated pages in the reassembly of the served document(s).

**PARCELS DOVER DOCUMENT**
230 N MARKET ST
WILMINGTON, DE 19801
(302) 658-9926

3808
62-10-311

PAY TO THE ORDER OF: Nokia Siemens Networks USLLC    $96.00

DATE: 1/30/13

Ninety Six dollars and 00/60 DOLLARS

WSFS bank
We Stand For Service
500 DELAWARE AVE, WILMINGTON, DE 19801

FOR: Sales order 32724

VOID AFTER 90 DAYS

⑆003808⑆ ⑆031100102⑆ 2089 10 260⑆

AO88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
District of Delaware

Cradle IP, LLC,

V.

Texas Instruments, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 11-1254-SLR

Pending in the United States District Court for the District of Delaware

TO: Nokia Siemens Networks US LLC
c/o National Registered Agents, Inc.
160 Greentree Dr. Suite 101
Dover, Delaware 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attachment A

| PLACE OF DEPOSITION Novak Druce Connolly Bove + Quigg LLP, 1007 North Orange Street, Ninth Floor, Wilmington, DE 19801 | DATE AND TIME 2/8/2013 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment B

| PLACE Novak Druce Connolly Bove + Quigg LLP, 1007 North Orange Street, Ninth Floor, Wilmington, DE 19801 | DATE AND TIME 2/8/2013 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff Cradle IP, LLC | 1/29/2013 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven T. Skelley
Dickstein Shapiro LLP, 1633 Broadway, New York, New York, 10019-6708  Phone (212) 277-6500

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1. "Action" means the litigation entitled *Cradle IP, LLC v. Texas Instruments, Inc.*, Civil Action No. 11-cv-1254, filed in the District of Delaware on December 16, 2011, including all related claims, defenses, counterclaims and third-party claims.

2. "Nokia," "you" or "your" means Nokia Siemens Networks US LLC.

3. "TI" means Defendant Texas Instruments, Inc., any of its licensees, subsidiaries, affiliates, predecessors, successors, parents, divisions or departments, joint ventures, partnerships or limited partnerships, or other persons or entities acting on its behalf or within its control, including any directors, officers, employees, agents, contractors, or subcontractors, whether in existence now or at any time.

4. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data or data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Thing" means any tangible item.

7. "Person" means any natural person or any business, legal or governmental entity or association.

8. "Concerning" means relating to, referring to, regarding, identifying, describing, evidencing or constituting.

9. The terms "all" and "each" shall be construed as all and each.

10. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all that might otherwise be construed to be outside of its scope.

11. The use of the singular form of any word includes the plural and vice versa.

## TOPICS

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, you are hereby subpoenaed to testify, on the date and time designated in the subpoena or on another date and time to be mutually agreed upon, to the following matters for examination:

1. The collection and substance of any document produced in response to a subpoena issued to you in this Action.

2. The development and operation of Nokia applications software and interface with any operating systems or base software supporting Nokia developed applications used on Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips, including but not limited to basic input output systems, operating system software, functional libraries, or hardware abstraction layers.

3. The programing or use of hardware semaphores in TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips incorporated in Nokia's base transceiver stations or gateways manufactured, sold, or used in the United States, including but not limited to any application program or operating system employed by such base transceiver stations.

4. Nokia's supply chain for Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or

TMS320TCI6608 microprocessor chips, including Nokia's knowledge of how Nokia's base transceiver stations are acquired and used by third parties.

## ATTACHMENT B

## DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, you are hereby subpoenaed to produce, on the date designated in the subpoena or on another date to be mutually agreed upon, the documents described herein:

1. Documents or things, including software, sufficient to identify any operating systems or base software supporting Nokia developed applications used on Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips, including but not limited to basic input output systems, operating system software, functional libraries, or hardware abstraction layers.

2. All documents and things, including software, concerning the programing or use of hardware semaphores in TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608 microprocessor chips incorporated in Nokia's base transceiver stations or gateways manufactured, sold, or used in the United States, including but not limited to any application program or operating system employed by such base transceiver stations.

3. Documents or things sufficient to identify Nokia's supply chain for Nokia's base transceiver stations, such as Nokia Siemens Multi Carrier GSM Macro BTS or Nokia Siemens Multistandard Macro BTS – Flexi BTS, or Nokia gateways, such as Nokia Siemens Mobile Media Gateway, manufactured, sold, or used in the United States that incorporate TI's TMS320TCI6487, TMS320TCI6488 or TMS320TCI6608

microprocessor chips, including Nokia's knowledge of how Nokia's base transceiver stations are acquired and used by third parties.

4. All documents and things concerning Cradle Technologies Inc.

5. All documents and things concerning Cradle IP, LLC.